# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT J. MENDEZ,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ALEGENT CREIGHTON CLINIC, a non-profit corporation; and KELLI DOLL, an individual;<br><br>　　　　　　　Defendants. | **8:20CV86**<br><br>**ORDER** |

　　　　This matter is before the Court on Plaintiff's Amended Motion to Extend Discovery Deadline. (Filing No. 43.) For the reasons explained below, the motion will be denied.

## BACKGROUND

　　　　This case was removed to this Court on March 4, 2020. (Filing No. 1.) The Final Progression Order was entered on July 22, 2020. (Filing No. 23.) The progression order set January 22, 2021 as the deadline to complete written discovery and depositions. On January 22, 2021, the undersigned held a telephone conference with counsel for the parties. At that time, Plaintiff's counsel stated discovery was complete and that Plaintiff planned to file a motion for summary judgment. Immediately following the conference, the undersigned entered an order setting October 5, 2021 as the trial date. (Filing No. 31.)

　　　　On February 19, 2021, Plaintiff served written discovery requests upon Defendants. (Filing No. 34.) Three days later, on February 22, 2021, Defendants filed a motion for summary judgment. (Filing No. 35.) That same day, Plaintiff filed a motion to extend the discovery deadline. (Filing No. 39.) Plaintiff filed an amended motion to extend the discovery deadline on March 2, 2021, requesting a 30 to 90-day extension. (Filing No. 43.) Defendants oppose the both the original and amended motion to extend.

**DISCUSSION**

Plaintiff requests that the discovery deadline set out in the progression order be extended and that discovery be reopened for 30 to 90 days. Federal Rule of Civil Procedure 16 allows for modifying scheduling orders "only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Gilliland v. Harley-Davidson Motor Co. Group, LLC, No. 8:12CV384, 2015 WL 1650256, *3 (D. Neb. April 14, 2015) (quotation omitted). Although prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, "the court will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id.

Plaintiff argues the discovery deadline should be extended and discovery reopened because, after reviewing the case, he believes additional discovery is necessary. Plaintiff's counsel explains that after review of the case, it was determined that additional discovery would serve the "best interest of the client" and that "further discovery is needed to substantiate the Plaintiff's case." (Filing No. 39; Filing No. 39-1.) Plaintiff's counsel seems to argue he was mistaken in his belief that discovery was complete and that "Plaintiff overlooked discovery requests related to key players in the case." (Filing No. 45.) Plaintiff claims an extension will not prejudice Defendant, disrupt the trial schedule, or otherwise delay disposition of this case. The Court finds Plaintiff's arguments unpersuasive.

Plaintiff has not shown good cause for modification of the progression order. Plaintiff has not offered a legitimate reason for reopening discovery at this stage in the case. A general reassessment of case strategy does not support a finding of good cause. If Plaintiff had acted diligently, the need for additional discovery would have been apparent by the time of the January 22, 2021 telephone conference. However, Plaintiff waited until the day Defendants filed a motion for summary judgment to request an extension of the already-expired discovery deadline. Plaintiff's briefing implies discovery delays were caused by the COVID-19 pandemic. Still, at the time of the telephone conference in January, Plaintiff's counsel represented that discovery was complete. Any delays attributable to COVID-19 did not impact counsel's assessment regarding discovery at that point, and it is unclear what has changed since that time—other than counsel's

thoughts regarding necessary discovery. Because Plaintiff has not be diligent in assessing the needs of discovery in this case, the motion for extension of time will be denied.

Moreover, contrary to Plaintiff's assertion, Defendants would be prejudiced if discovery were reopened. Given's Plaintiff's representation regarding the completion of discovery, Defendants went forward with filing a motion for summary judgment. Permitting more discovery at this point would delay a decision on that motion and perhaps change the arguments advanced by Defendants in support of its motion. *See Staples v. Caremark, LLC,* Civil Action No. SA–08–CV–831–XR, 2009 WL 2743504, at *1 (W.D. Tex. Aug. 24, 2009) (finding that extending discovery would prejudice the defendant because the defendant had already undertaken the time and expense to file its motion for summary judgment in compliance with the court's scheduling order).

Further, reopening discovery would likely necessitate rescheduling trial and other deadlines. Based on Plaintiff's counsel's representations regarding the completion of discovery, the Court set this matter for trial beginning on October 5, 2021. The pretrial conference was set for September 9, 2021. Under this Court's case progression procedures, there must be a minimum of 120 days between the filing of a motion for summary judgment and trial. The purpose of this procedure is to allow enough time for briefing and a ruling on the motion for summary judgment in advance of the pretrial conference and trial. The extension proposed by Plaintiff would likely require moving the pretrial conference and trial to accommodate the completion of briefing on the pending motion for summary judgment.

Although Rule 16 governs amendment of scheduling orders, Plaintiff seeks an extension of the discovery deadline pursuant to Federal Rule of Civil Procedure 6(b). Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time [to complete an act] on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect encompasses four factors: prejudice to the non-moving party, the length of the delay, the movant's good faith, and the reason for the delay." *Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019). However, "[i]t appears that the Eighth Circuit requires a finding of 'good cause' before the question of 'excusable neglect' need be considered." *Coleman v. Minneapolis Public*

3

8:20-cv-00086-JFB-SMB Doc # 46 Filed: 04/15/21 Page 4 of 4 - Page ID # 389

*Schools*, Case No. 18-cv-2283, 2020 WL 6042394, at *6 (D. Minn. Oct. 13, 2020) (citing *Albright ex rel. Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019)). Still, even considering the factors for evaluating "excusable neglect," the Court finds that Plaintiff's delay was not excusable for the reasons explained above.

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Motion to Extend Discovery Deadline (Filing No. 43) is denied. Plaintiff's Motion for Leave to Extend Discovery Deadline (Filing No. 39) is denied as moot.

Dated this 15th day of April, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge
4